UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FCA Construction Company, LLC,

                Plaintiff,

v.                                 **MEMORANDUM OPINION AND ORDER**
                                           Civil No. 09-3700 ADM/AJB

Singles Roofing Company, Inc. and
Robert Durchslag,

                Defendants.

_____

Tim L. Droel, Esq., and J. Matthew Berner, Esq., Hellmuth & Johnson, PLLC, Edina, MN, on behalf of Plaintiff.

Robert Durchslag, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Robert Durchslag's ("Durchslag") "Motion to Dismiss for Want of Prosecution" [Docket No. 19]. For the reasons stated below, Durchslag's motion is denied.

## II. BACKGROUND

Plaintiff FCA Construction Company, LLC ("FCA Construction") filed this action on December 23, 2009 alleging causes of action including breach of contract, civil theft, and conversion. On December 9, 2010, the parties held a telephone conference with Chief Magistrate Judge Arthur J. Boylan. According to Durchslag, during the conference, Judge Boylan ordered FCA Construction to amend its Complaint to clarify whether the claims it was asserting were against Durchslag or Defendant Singles Roofing Company, Inc., or both. That same day, Judge Boylan issued a Pretrial Scheduling Order [Docket No. 17] establishing

February 1, 2011, as the deadline for amended pleadings. The deadline passed and FCA Construction did not file an amended pleading. On February 10, 2011, Durchslag filed the instant motion.

## III. DISCUSSION

While Defendant argues that Judge Boylan ordered FCA Construction to file an amended complaint, the Pretrial Scheduling Order does not include such a condition. The Pretrial Scheduling Order merely states: "All motions which seek to amend the pleadings or add parties must be served by February 1, 2011." Beyond this, the Order makes no reference to an amended complaint, much less require one.

Moreover, for amendments other than those as a matter of course, Rule 15(a)(2) states: " . . . a party *may* amend its pleading only with the opposing party's written consent or the court's leave." (Emphasis added). The language is permissive, not mandatory. There is no authority to suggest that Plaintiff was required to file an amended Complaint.[1]

---

[1] In his reply brief, Durchslag also seeks dismissal for failure to plead fraud with particularity. However, Durchslag's motion was titled "Motion to Dismiss for Want of Prosecution" and his opening brief confines the basis for dismissal to FCA Construction's failure to prosecute. Because Durchslag raised the insufficiency of the pleading issue for the first time in his reply brief and FCA Construction has not had an adequate opportunity to respond, the Court declines to consider this issue. See Navarijo-Barrios v. Ashcroft, 322 F.3d 561, 564 n.1 (8th Cir. 2003) (courts generally do not consider arguments raised for the first time in a reply brief).

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Robert Durchslag's Motion to Dismiss [Docket No. 19] is **DENIED**.

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 10, 2011.