UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FCA Construction Company, LLC,

        Plaintiff,

v.

Singles Roofing Company, Inc., and Robert Durchslag,

        Defendants.

MEMORANDUM OPINION AND ORDER
Civil No. 09-3700 ADM./AJB

Edward E. Beckmann, Esq., J. Matthew Berner, Esq., Kurt M. Mitchell, Esq., and Tim L. Droel, Esq., Hellmuth & Johnson PLLC, Edina and Eden Prairie, MN, on behalf of Plaintiff.

Robert Durchslag, pro se.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Robert Durchslag's ("Durchslag") Motion to Dismiss [Docket No. 59]. FCA Construction Company, LLC ("FCA") opposes the Motion. For the reasons set forth below, Durchslag's Motion is denied.

## II. BACKGROUND[1]

Plaintiff FCA is a limited liability company incorporated in Delaware and with a principal place of business in Minnesota. Compl. [Docket No. 1] ¶ 1. Defendant Singles Roofing Company, Inc. ("Singles") is a business incorporated in and with its principal place of business in Illinois; Defendant Durchslag is Singles' President. Id. at 1, ¶¶ 2–3. In October

---

[1] In considering Defendant's Motion to Dismiss, the Court takes the facts alleged in Plaintiff's Complaint to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

2008, FCA contracted with Singles for the purchase of roofing materials specified in its Purchase Order for the amounts of $503,300 and $1,512,675.  Id. at 2, ¶¶ 1–2; see also Compl. Exs. A–B. FCA paid Singles in full, satisfying its contractual obligations, but Singles failed to acquire and deliver all roofing materials.  Compl. ¶¶ 3–4.

On December 23, 2009, FCA filed this Complaint against Singles and Durchslag.  On September 8, 2011, Durchslag moved to dismiss FCA's Complaint, apparently for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Durchslag specifically argues that FCA failed to plead fraud with particularity and failed to plead a cause of action against him personally.

### III.  DISCUSSION

**A.**   **Standards of Review**

In considering a motion to dismiss under Rule 12(b)(6), courts must accept the non-moving party's facts as true and construe the pleadings in the light most favorable to them. Hamm, 15 F.3d at 112.  Ambiguities concerning the sufficiency of claims must be resolved in the non-movant's favor as well.  Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  A motion to dismiss should be granted only when "it appears beyond doubt that the [claimant] can not prove any set of facts in support of his claim that would entitle him to relief." Schaller Tel. Co. v. Golden Sky Sys., 298 F.3d 736, 740 (8th Cir. 2002).

**B.**   **FCA Has Adequately Pled its Causes of Action against Durchslag**

Durchslag urges that FCA's claims of civil theft and conversion are insufficiently pled to survive a motion to dismiss. Durchslag contends that FCA's Complaint "has the facts all wrong," and that FCA has failed to adequately plead "[a]llegations of fraud [which] must be pled with particularity." Mot. to Dismiss ¶¶ 7, 13. Conversely, FCA argues that as the non-movant, the facts in its Complaint must be taken as true. FCA further urges that its pleadings are sufficient and need not meet the heightened pleading standard for fraud under Rule 9(b) of the Federal Rules of Civil Procedure, because fraud is not alleged as a cause of action. Mem. in Opp'n to Mot. to Dismiss [Docket No. 65 ] 1. Durchslag's Motion to Dismiss is denied for the reasons set forth below.

1. **The Facts Alleged in FCA's Complaint Must be Taken as True in a Motion to Dismiss**

According to well-established law, in considering a defendant's motion to dismiss, courts take as true the facts alleged in a plaintiff's complaint. See Hamm v. Groose, 15 F.3d at 112; see also, Ansehl v. Puritan Pharm. Co., 61 F.2d 131, 133 (8th Cir. 1932). Therefore, contrary to Durchslag's insistence that "FCA's complaint has the facts all wrong," Mot. to Dismiss ¶ 13–16, this Court must take the facts alleged in FCA's Complaint as true.

2. **FCA Has Adequately Pled its Claims Against Durchslag**

While a claim of fraud must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure, claims of conversion and civil theft under Minnesota law do not require a heightened pleading standard. See Minn. Stat. § 604.14 (not requiring a heightened pleading standard for civil theft claim); Lassen v. First Bank Eden Prairie, 514 N.W.2d 831, 838 (Minn. App. 1994) (not requiring a heightened pleading standard for claim of conversion). The

heightened pleading standard of fraud does not apply to FCA's alleged claims against Durchslag; FCA's claims of civil theft and conversion need to satisfy only the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure.

Under Minn. Stat. § 604.14(1), a claim for civil theft requires that a plaintiff establish that a defendant has stolen plaintiff's personal property. FCA alleges that it paid Singles Roofing and its president Durchslag $1,512,675, which was misappropriated by Durchslag to pay for his personal debts. Compl. ¶ 1–5, 12–15. On its face, FCA's Complaint alleges a claim of civil theft against Durchslag. Durchslag's Motion to Dismiss this claim is denied.

In Minnesota, a claim for conversion requires two elements: (1) that plaintiff hold a property interest in some property; and (2) that defendant deprive the plaintiff owner of that property interest. <u>Lassen v. First Bank Eden Prairie</u>, 514 N.W.2d at 838. Here, FCA has alleged that it held a property interest in the money at issue and was wrongfully deprived of its property interest in that money by Durchslag's misappropriation of it. Compl. 1–5, 17–19. FCA has adequately pled a claim of conversion of the face of its Complaint, and Durchslag's Motion to Dismiss this claim is accordingly denied.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Durchslag's Motion to Dismiss [Docket No. 59] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 3, 2011.