# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FCA Construction Company, LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>Robert Durchslag,<br><br>                  Defendant. | Civil No. 09-3700 (ADM/AJB)<br><br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

Robert L. Smith, Lifetime Fitness Inc., 2902 Corporate Place, Chanhassen, MN 55317 and S. Steven Prince, Grell & Feist LLC, 825 Nicollet Mall, Suite 1648, Minneapolis, MN 55402 for Plaintiff FCA Construction Company, LLC.

Matthew L. Fling, 4018 West 65th Street, Suite 100, Edina, MN 55435 for Defendant Robert Durchslag.

      This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on Plaintiff's Motion to Sanction Defendant Robert Durchslag [Docket No. 87]; Plaintiff's Motion for a Continuance [Docket No. 118]; and Plaintiff's Motion to Withdraw as Counsel [Docket No. 123]. A hearing was held on the motions on August 30, 2012 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Robert Smith appeared on behalf of Plaintiff. Matthew Fling appeared on behalf of Defendant.

      For the reasons discussed below, the Court recommends that Plaintiff's motion for sanctions be granted and that the defendant's answer be stricken. Plaintiff's motion to withdraw as counsel is granted. The Court recommends that Plaintiff's motion for continuance be denied as moot.

## BACKGROUND

In December 2009, Plaintiff FCA Construction Company, LLC ("FCA") brought this action against Singles Roofing Company, Inc. ("Singles") and its owner, Robert Durchslag, alleging that FCA had paid Singles $2 million for roofing materials that it had never received. (Docket No. 1.) In June 2010, Mr. Durchslag resigned as president of Singles and both he and Singles filed petitions for bankruptcy in the United States District Court for the Northern District of Illinois. (*See* Docket No. 23.) This matter was initially stayed, but the bankruptcy court presiding over Mr. Durchslag's petition modified the stay, allowing FCA to proceed with its claims against him. (Docket No. 13.) In December 2011, FCA filed an Amended Complaint against Mr. Durchslag only, alleging that Mr. Durchslag misappropriated monies that FCA paid to Singles for roofing materials in the amount of $1,820,912.50 and asserting claims against Mr. Durchslag for civil theft, conversion, and replevin/claim and delivery. (Docket No. 96.)

In January 2011, FCA served its first set of interrogatories, document requests, and requests for admission on Mr. Durchslag. In May 2011, FCA moved to compel Mr. Durchslag to respond to its interrogatories, document requests, and requests for admission. (Docket No. 28.) At the time, Mr. Durchslag had failed to produce a single document or respond in any way to FCA's written discovery requests. On August 2, 2011, this Court entered an order granting in part FCA's motion to compel. (Docket No. 50.) Among other things, Mr. Durchslag was ordered to produce to FCA all responsive documents in his possession, custody, or control. (*Id.*)

On November 21, 2011, FCA brought the present motion for sanctions, moving the Court to sanction Mr. Durchslag for violating the Court's August 2, 2011 order by failing to produce responsive documents and refusing to answer questions at deposition. (Docket No. 87.) The Court initially heard argument on the motion on December 5, 2011. (Docket No. 93.) FCA

contended that sanctions were warranted because Mr. Durchslag had failed to produce any financial records requested by FCA, including bank records reflecting Singles' and Mr. Durchslag's disposition of the monies FCA paid to Singles, and because Mr. Durchslag advised FCA that at his deposition, he planned to assert his Fifth Amendment rights against self-incrimination and refuse to answer any questions. At the time, FCA had not yet taken Mr. Durchslag's deposition.

In an Order dated December 12, 2011, this Court agreed that sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) were appropriate against Mr. Durchslag. (Docket No. 94.) This Court found that Mr. Durchslag had violated the Court's August 2, 2011 Order by failing to produce responsive financial records. (*Id.*) However, the Court reserved ruling on the imposition of sanctions pending a report on the outcome of Mr. Durchslag's deposition. (*Id.*) Pursuant to the Court's December 12, 2011 Order, Mr. Durchslag was required to produce responsive financial records, including documents related to his personal financial accounts on or before December 19, 2011 and appear for deposition on or before January 16, 2012. (*Id.*)

On January 17, 2012, FCA brought a second motion for sanctions, arguing that Mr. Durchslag had refused to participate in the discovery process and had violated the Court's August 2, 2011 and December 12, 2011 Orders requiring Mr. Durchslag to produce his personal financial records and to appear for deposition. (Docket No. 99.) In response to that motion, Defendant's counsel represented that Mr. Durchslag was receiving medical treatment abroad and therefore was unavailable to appear for deposition or assist with producing documents, but that to counsel's knowledge, all financial records capable of being produced had been provided to FCA. Defendant's counsel represented that Mr. Durchslag needed more time to comply with the discovery orders due to his medical condition. In light of the medical evidence presented by

Defendant's counsel, the Court denied FCA's second motion for sanctions, while noting that the first motion was sanctions remained under advisement. (Docket No. 106.)

FCA took Mr. Durchslag's deposition on May 2, 2012 in Chicago, Illinois. (Docket No. 116, Affidavit of Robert L. Smith ¶ 2.) At his deposition, Mr. Durchslag asserted his Fifth Amendment privilege against self-incrimination in response to virtually every question asked by Plaintiff's counsel at the deposition. (*See id.* at Ex. A.) He refused to answer any questions with respect to his personal financial records, whether he had produced all such records, or where he held financial accounts in 2007 or 2008, among numerous other topics. (*See id.*)

In response to the Court's December 2, 2011 Order again requiring Mr. Durchslag to produce responsive financial documents relating to his personal finances, Mr. Durchslag has produced the following documents: an account statement for an Edward Jones retirement account for the first quarter of 2010 and a Notice of Federal Tax Lien dated September 19, 2008. (Docket No. 104, Affidavit of Matthew L. Fling at Ex. B.) Mr. Durchslag did not produce any documents related to bank accounts he held in 2008. One of Mr. Durchslag's bankruptcy attorneys submitted an affidavit stating that another of Mr. Durchslag's bankruptcy attorneys had given him a list of four banks at which Mr. Durchslag "thought he may have had accounts [] during the period of time covered by the plaintiff's discovery requests. . . ." (*Id.* at Ex. B.) None of those banks had any records for Mr. Durchslag. (*Id.*)

On September 7, 2012 the Court held a pre-trial settlement conference between the parties. Trial in this matter is currently scheduled to commence on September 17, 2012. Mr. Durchslag did not appear for the settlement conference. This order follows.

**DISCUSSION**

I.  **MOTION FOR SANCTIONS**

FCA requests that the Court sanction Mr. Durchslag pursuant to Federal Rule of Civil Procedure 37, arguing that Mr. Durchslag has persistently refused to provide meaningful discovery to FCA and has ignored the Court's orders to produce financial records. FCA requests that the Court strike Mr. Durchslag's answer and enter default judgment against Mr. Durchslag for the relief demanded in the amended complaint. In the alternative to sanctions under Rule 37, FCA requests that the Court enter adverse inferences against Mr. Durchslag based on his assertion at his deposition of his Fifth Amendment right against self-incrimination. If the Court does not strike Mr. Durcshlag's answer pursuant to Rule 37, FCA asks the Court to allow it to move for summary judgment without the opportunity for Mr. Durchslag to present evidence in opposition to the motion.

In response to FCA's motion, Mr. Durchslag argues that the Court should only consider drawing adverse inferences based on Mr. Durchslag's assertion of the Fifth Amendment privilege and should not impose sanctions under Rule 37, contending that Mr. Durchslag should be permitted to assert legal defenses to FCA's claims. Mr. Durchslag also argues that FCA cannot identify any specific documents he has refused to produce and that the existence of such documents is speculative.

Two sources give a district court authority to impose sanctions: Federal Rule of Civil Procedure 37 and a court's inherent authority to control its own judicial proceedings. *See* Fed. R. Civ. P. 37(b)(2); *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004). Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to obey an order to provide discovery, a court may issue sanctions including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2). *See also Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1011 (8th Cir. 1993); *Gleghorn v. Melton*, No. 05-3411, 195 Fed. Appx. 535, 537 (8th Cir. Aug. 9, 2006) (unpublished). Discretion under Rule 37 is limited such that the sanction be "just" and relate to the claim at issue in the order to provide discovery. *Hairston v. Alert Safety Light Products, Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (quoting *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)).

"When a litigant's conduct abuses the judicial process. . .dismissal of a lawsuit [is] a remedy within the inherent power of the court." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999) (quoting *Pope v. Federal Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992)). As set forth above, Rule 37 explicitly "grants a district court the authority to enter a default judgment against a party who abuses the discovery process." *Comiskey*, 989 F.2d at 1009. "Thus, striking a party's pleadings under Rule 37 is within the range of appropriate sanctions when a party demonstrates a 'blatant disregard of the Court's orders and the discovery rules,' engaging in a pattern of deceit by presenting false and misleading answers. . .in order to prevent their opponent from fairly presenting its case." *Chrysler*, 186 F.3d at 1020. To justify dismissal

under Rule 37, there must be: (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. *Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009). The Eighth Circuit recognizes "a strong policy in favor of deciding a case on its merits, and against depriving a party of his day in court," but a court can order a default judgment in appropriate circumstances. *Chrysler*, 186 F.3d at 1020. A district court is not required "to impose the least onerous sanction available," but may choose "the most appropriate sanction under the circumstances." *Id.* at 1022.

Here, the Court's August 2, 2011 Order required Mr. Durchslag to produce all responsive documents. The Court has already determined that sanctions are appropriate against Mr. Durchslag for violating the Court's August 2, 2011 Order by failing to produce responsive financial documents. (Docket No. 94.) Mr. Durchslag presented no explanation for his failure to comply with the Court's order between August 2, 2011 and the Court's Order of December 12, 2011. The Court's December 12, 2011 Order again directed Mr. Durchslag to produce the documents. Despite the Court's repeated Orders, Mr. Durchslag produced only two records: an account statement for an Edward Jones retirement account for the first quarter of 2010 and a Notice of Federal Tax Lien dated September 19, 2008. Although Mr. Durchslag's bankruptcy counsel averred that he checked with four banks at which he believed Mr. Durchslag "thought he may have had accounts [] during the period of time covered by the plaintiff's discovery requests," those banks had no such records. As pointed out by FCA at the hearing on this motion, federal and state laws require banks to keep records for at least six years. Any bank used by Mr. Durchslag during 2008 would still have the records at this time. But Mr. Durchslag's apparent unwillingness to identify banks at which he actually held accounts prevents FCA from obtaining such records.

7

As to Mr. Durchslag's argument that FCA cannot prove that he actually is withholding documents and that the existence of additional documents is speculative, the Court notes that Mr. Durchslag has not averred or even argued that no such documents *actually* exist, but only that FCA cannot *prove* they exist. Similarly, Mr. Durchslag has not asserted that the four banks referenced by his bankruptcy attorney were the *only* banks at which he held accounts during the relevant time period. Although Mr. Durchslag's attorneys have submitted affidavits about *their own personal knowledge* of responsive documents, an affidavit or representation from Mr. Durchslag himself is conspicuously absent. Clearly the money paid by FCA to Singles was disposed of in some way or other and clearly Mr. Durchslag used banks during the time period relevant to this action. Mr. Durchslag has not produced any financial records reflecting this disposition and has produced virtually no personal financial records whatsoever. The Court finds that Mr. Durchslag's failure to produce documents is willful.

FCA has been prejudiced in its ability to prosecute its claims against Mr. Durchslag due to his failure to engage meaningfully in the discovery process or to produce responsive documents. FCA still does not even know where Mr. Durchslag held bank accounts in 2008. Without Mr. Durchslag's financial records or sufficient information from which it could subpoena such records, FCA is without vital information it needs to prosecute its claims. Mr. Durchslag's failure to produce documents or to provide any other meaningful substantive discovery responses certainly has impaired FCA's "ability to determine the factual merits of the party's claim." *See Avionic Co. v. General Dynamics Corp.*, 597 F.2d 555, 559 (8th Cir. 1992). Without meaningful discovery, the case cannot proceed.

In this situation, striking the defendant's answer is warranted. The Court considered the possibility of imposing less severe sanctions and believes that sanctions less than striking

defendant's answer would be ineffective against a party that has ignored court orders and effectively prevented Plaintiff from discovering evidence to support its claims. The Court has provided Mr. Durchslag ample time to comply with the Court's orders. The Court's patience has been exhausted and it therefore recommends that Defendant's answer be stricken pursuant to Rule 37(b)(2). The Court recognizes that this is a severe sanction. However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, the application of even so stringent a sanction is fully justified.

Because the Court recommends imposing sanctions pursuant to Rule 37, the Court does not reach FCA's alternative request that the Court draw adverse inferences against Mr. Durchslag based on his assertion of the Fifth Amendment privilege against self-incrimination at deposition.

## II. MOTION FOR CONTINUANCE

Trial in this case is currently set to commence before the Honorable Ann D. Montgomery on September 17, 2012. Plaintiff has moved to continue the trial date, alleging good cause for a continuance on multiple grounds. (Docket No. 118.) In light of the sanctions recommended above, there may be no reason for the case to proceed to trial in the absence of an answer by the defendant, in which case a default judgment would be appropriate. Therefore, the Court recommends that the trial date be stricken and that the motion for continuance be denied as moot.

## III. MOTION TO WITHDRAW AS COUNSEL

Plaintiff's counsel, Robert L. Smith, has moved pursuant to Local Rule 83.7(c) to withdraw as counsel for Plaintiff without substitution. (Docket No. 123.) Since Mr. Smith filed the motion, Plaintiff has retained S. Steven Prince as new counsel. (Docket No. 130.) Because

9

Plaintiff has retained new counsel, Plaintiff's motion for Mr. Smith to withdraw as counsel is granted.

## RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED that:**

1. Plaintiff's Motion to Sanction Defendant Robert Durchslag [Docket No. 87] be **GRANTED** and that Defendant's Answer [Docket Nos. 4 and 98] be **stricken**; and

2. Plaintiff's Motion for a Continuance [Docket No. 118] be **DENIED as moot** and the current trial date be stricken from the Court's calendar.

## ORDER

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Withdraw as Counsel [Docket No. 123] is **GRANTED**.

Dated: September 11, 2012    s/ Arthur J. Boylan
Chief Magistrate Judge Arthur J. Boylan
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before September 25, 2012.